```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

```
DIAMONDROCK GRIFFIN GATE         )
TENANT, LLC,                     )
                                 )   Civil Action No. 5:07-181-JMH
     Plaintiff,                  )
                                 )
v.                               )
                                 )
ELDER CONSTRUCTION & ASSOCIATES  )   MEMORANDUM OPINION AND ORDER
INC., and DAVID S. ELDER, SR.,   )
                                 )
     Defendants,                 )
                                 )
and                              )
                                 )
ELDER CONSTRUCTION & ASSOCIATES  )
INC.,                            )
                                 )
     Counter-Plaintiff,          )
                                 )
v.                               )
                                 )
DIAMONDROCK GRIFFIN GATE         )
TENANT, LLC; DIAMONDROCK         )
GRIFFIN GATE OWNER, LLC;         )
CUNDIFF STEEL ERECTORS, INC.     )
d/b/a CUNDIFF STEEL FABRICATORS  )
AND ERECTORS;                    )
CUSTOM SYNTHETICS CORPORATION;   )
ELLIOT ELECTRIC/KENTUCKY, INC.;  )
HEK GLASS, INC.;                 )
KEN BUILDERS SUPPLY, INC.        )
d/b/a KEN API SUPPLY;            )
LOUISVILLE LUMBER &              )
MILLWORK CO., INC.; and          )
MORTGAGE ELECTRONIC              )
REGISTRATION SYSTEMS, INC.       )
C/O THE PRENTICE HALL            )
CORPORATION SYSTEM, INC.         )
                                 )
     Counter-Defendants,         )
                                 )
and                              )
                                 )
BGX, INC.,                       )
                                 )
     Third-Party Defendant.      )
```

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on the motion of Plaintiff/Counterdefendant DiamondRock Griffin Gate Tenant, LLC (hereinafter, "Tenant"), and Counterdefendant DiamondRock Griffin Gate Owner, LLC (hereinafter, "Owner") to join all lienholders and mortgagee of the Hotel as third-party defendants in this matter [Record No. 26]. Defendant/Counterplaintiff Elder Construction & Associates, Inc. (hereinafter, "Elder Construction"), and Defendant David S. Elder, Sr., have filed a response in opposition to this motion [Record No. 27], and Tenant and Owner have filed a reply [Record No. 28]. The Court being sufficiently advised, this motion is ripe for decision.

This case arises out of the renovation of the Griffin Gate Marriott Resort ("Hotel") in Lexington, Kentucky. Elder Construction has alleged in its counterclaims that Tenant failed to pay amounts owed to Elder Construction. In order to secure its rights under Kentucky law, Elder Construction has filed a mechanic's lien on the Hotel property. As part of its counterclaims, Elder Construction seeks the enforcement of that mechanic's lien against Owner. Another part of the case concerns the alleged failure of Elder Construction to pay its subcontractors for their work on the project, resulting in the filing of mechanic's liens on the Hotel by those subcontractors.

In the motion presently before the Court, Plaintiff/Counterdefendant Tenant and Counterdefendant Owner seek to join all of the lien-holders having a lien on the hotel and the mortgagee of the Hotel. The lien-holders are Cundiff Steel Erectors, Inc. d/b/a Cundiff Steel Fabricators and Erectors, Custom Synthetics Corporation, Elliot Electric/Kentucky, Inc., HEK Glass, Inc., Ken Builders Supply, Inc. d/b/a Ken API Supply, and Louisville Lumber & Millwork Co., Inc. The mortgagee is Mortgage Electronic Registration Systems, Inc. c/o The Prentice Hall Corporation System, Inc.

These additional lien-holders and the mortgagee should have been made part of the case-at-bar since Elder Construction seeks to enforce its lien against Owner in Claim 7 of its counterclaim.[1] Kentucky law spells out clearly that such persons or entities are necessary parties to a suit to enforce a lien and must be made parties. KRS 376.110(1); *see Dallas v. Gardner*, 268 S.W. 847 (Ky. App. 1925) (all adverse lien-holders are necessary parties to a

---

[1] Counterplaintiff Elder Construction's counterclaims were set forth in the Complaint filed in the Fayette County Circuit Court and removed to this Court by Counterdefendants Tenant and Owner and Third-Party Defendant BGX, Inc., on July 20, 2007, in Lexington Civil Action No. 07-236-JMH [Record No. 1, Lexington Civil Action No. 07-236-JMH ]. The Court consolidated that matter with Lexington Civil Action No. 07-181-JMH in an order dated September 27, 2007 [Record No. 22, Lexington Civil Action No. 07-181-JMH], indicating that the claims raised in Elder Construction's complaint should have been raised as counterclaims/third-party claims in response to Tenant's Complaint in Lexington Civil Action No. 07-181-JMH.

suit to enforce a mechanic's lien); *Louisville Title Co. v. White Constr. Co.*, 62 S.W.2d 795 (Ky. App. 1933). Further, disposition of this action without these additional lienholders and the mortgagee might impair their ability to protect their interests or might subject Owner to multiple or inconsistent obligations. Fed. R. Civ. P. 19(a)(1)(B)(I)-(ii); *Hopper v. Wolfe*, 396 F.3d 744, 748 (6th Cir. 2005).

Elder Construction claims that joinder is not possible because the lien-holders are not third-party defendants and, therefore their joinder would destroy diversity. The Court agrees that these additional parties are not third-party defendants under Fed. R. Civ. P. 14, i.e., entities liable to the defendant (or counter-defendant) for all or part of plaintiff's claim, in the capacity for which they are sought to be joined (as parties with an interest in Owner's real property). Similarly, they do not appear to be "cross-defendants" under Fed. R. Civ. P. 13(g), i.e., defendants to a claim asserted between codefendants or coplaintiffs. Rather, the additional lien-holders and the mortgagee are simply co-defendants with Tenant and Owner in the counterclaims filed by Elder Construction, which seeks, in part, to enforce its lien against Owner. These parties may be joined pursuant to Fed. R. Civ. P. 13(h) and 19(a)(1)-(2).

The Court disagrees with Elder Construction's assertion that joinder of these parties (some of whom are not of diverse

4

citizenship from Elder Construction) cannot occur without destroying diversity. Joinder of non-diverse parties in a counterclaim does not destroy diversity between the parties to the original claims, raised here by Tenant against Elder Construction and Defendant Elder in its Complaint filed in Lexington Civil Action No. 07-181. *See, e.g., United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 492 (4th Cir. 1998). Indeed, 28 U.S.C. § 1367 provides in relevant part that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).

It follows that the lien-holders and the mortgagee should be joined in this action and that this Court retains jurisdiction over the claims.

Accordingly, **IT IS ORDERED**:

(1) that the motion of Plaintiff/Counterdefendant DiamondRock Griffin Gate Tenant, LLC, and Counterdefendant DiamondRock Griffin Gate Owner, LLC, to join all lienholders and mortgagee of the hotel as third-party defendants in this matter [Record No. 26] shall be, and the same hereby is, **GRANTED IN PART** and **DENIED IN PART**; and

(2) that the lien-holders and mortgagee Cundiff Steel Erectors, Inc. d/b/a Cundiff Steel Fabricators and Erectors, Custom Synthetics Corporation, Elliot Electric/Kentucky, Inc., HEK Glass, Inc., Ken Builders Supply, Inc. d/b/a Ken API Supply, Louisville Lumber & Millwork Co., Inc., and Mortgage Electronic Registration Systems, Inc. c/o The Prentice Hall Corporation System, Inc. shall be, and the same hereby are, **JOINED** as counter-defendants in this suit;

(3) that Counterplaintiff Elder Construction & Associates shall **SERVE** a copy of this Order on the newly joined counter-defendants, giving notice of same to this Court, no later than **December 21, 2007;**

(4) that Counterplaintiff Elder Construction & Associates, Inc., shall **FILE** an amended counterclaim reflecting this joinder no later than **December 21, 2007.**

This the 6th day of December, 2007.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge